## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CARMILLA N. FLORES,

     Plaintiff,

v.                                   Case No. 8:22-cv-958-WFJ-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security

     Defendant,

_____/

## <u>ORDER</u>

Before the Court is Plaintiff Carmilla N. Flores's complaint seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner") denial of social security disability insurance benefits and supplemental security income payments (Dkt. 1). The magistrate judge issued a report recommending that the decision of the Commissioner be affirmed (Dkt. 18). Plaintiff, through counsel, filed timely objections. (Dkt. 19).

When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After such independent review, the Court may accept, reject, or modify the magistrate judge's report and recommendation. 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing published opinion).

Ms. Flores objects to the report and recommendation on three grounds. The Court will address each in turn. Ultimately, the Court accepts and adopts the magistrate judge's well-reasoned report and recommendation in its entirety.

<u>First Objection: Dr. Kindelan's Statement</u>

The first objection concerns Dr. Kevin Kindelan's assessment that Ms. Flores was "not able to sustain a 40-hour work week within a competitive work environment." Dkt. 19 at 2. The Administrative Law Judge (ALJ) found, and the magistrate judge agreed, that this statement constituted an issue reserved for the Commissioner. *Id.* Ms. Flores argues that Dr. Kindelan's statement was a medical opinion because it concerned "what claimant can still do." *Id.* at 3. In support, she cites *Murphy v. Astrue*, No. 8:06-CV-1654-T-TBM, 2008 WL 126592 (M.D. Fla. Jan. 10, 2008).

*Murphy* did not address whether a doctor's statement that the claimant "was not capable of any type of work" was an issue reserved to the Commissioner. *Murphy*, 2008 WL 126592 at *3. Instead, *Murphy* discussed the ALJ's substitution of his own assessment for that of a physician. *Id.* at *4. If anything, *Murphy* cuts against Ms. Flores's argument, because the court remanded for further record

2

development. If the doctor's statement were a credible medical opinion, further record development may have been unnecessary. *Id.* at *5.

In contrast, the magistrate judge cited multiple cases in which statements like Dr. Kindelan's were found to be "issue[s] reserved to the Commissioner." *Romeo v. Comm'r of Soc. Sec.*, 686 F. App'x 731, 733 (11th Cir. 2017) (discussing a "final conclusion . . . that [claimant] would find it difficult to hold a full time job"; Dkt. 18 at 32. Thus, Dr. Kindelan's statement was not part of the substantial evidence the ALJ was required to consider. The Court accepts the report and recommendation's conclusion on this point.

<u>Second Objection: Appropriate SVP Level</u>

Ms. Flores next objects that the ALJ should have deferred to the disability examiner's finding that she could only do work requiring "very short, on-the-job training." Dkt. 19 at 6. This equates to SVP Level 1 jobs, but the ALJ found that Ms. Flores can do SVP Level 2 jobs. *Id.* Ms. Flores contends that the ALJ violated her due process rights by failing to rely on the disability examiner's findings or to explain how those findings impacted his ultimate determination. *Id.* at 6-7.

This argument is unavailing. The ALJ's "independent (or de novo) determination or decision based on the evidence in the record" is part of the process the SSA provides to claimants. 73 Fed. Reg. 76940, 76941 (Dec. 18, 2008). Once a claimant elects to appeal the disability examiner's decisions, statements made in

those decisions are "no longer binding on the agency," because the very nature of agency appellate review requires the ALJ to "review[] the entire record to determine if Plaintiff is disabled." *Hedges v. Comm'r of Soc. Sec.*, 530 F. Supp. 3d 1083, 1097 (M.D. Fla. Mar. 30, 2021).

Nor was the ALJ required (or permitted) to discuss his consideration of findings made at lower levels of agency review. 20 C.F.R. § 404.1520b(c)(2). In *Shellhouse v. Barnhart*, cited by Ms. Flores on this point, the ALJ relied on a doctor's report and failed to provide notice of the same. *Shellhouse v. Barnhart*, 395 F. Supp. 2d 1136, 1140 (N.D. Ala. Oct. 26, 2005). While a doctor's report is relevant record evidence, 20 C.F.R. § 404.1513, findings at a "previous level of adjudication" are "inherently neither valuable nor persuasive," § 404.1520b(c). The Court finds the report and recommendation well-reasoned on this point as well.

### Third Objection: Past Relevant Work

Finally, Ms. Flores argues that the ALJ erred in finding her capable of performing past relevant work ("PRW") as a housekeeping cleaner (DOT #323.687-014), as actually performed. Dkt. 19 at 11. She asserts that her past relevant work was the "entirely different job" of house worker (DOT #301.474-010). *Id.* The Court finds Ms. Flores's cited case, *Williams v. Barnhart*, unpersuasive. In *Williams*, the ALJ's determination as to the claimant's PRW was not supported by vocational expert ("VE") testimony or other record evidence. *Williams v. Barnhart*, 395 F.

Supp. 2d 1130, 1135 (N.D. Ala. Oct. 3, 2005). Here, the ALJ based his finding on evidence in the record, including testimony of a VE and of Ms. Flores herself. Dkt. 9-2 at 19, 43-44, 58-59. This testimony constituted substantial evidence to support the ALJ's findings as to PRW. *See Dukes v. Saul*, No. 8:18-CV-2553-T-SPF, 2020 WL 755393, at *4 (M.D. Fla. Feb. 14, 2020) (noting that VE and claimant testimony is substantial evidence to support a finding concerning PRW as actually performed). The Court adopts the report and recommendation on this final point.

Having conducted a *de novo* review of the record, including the transcript of the proceedings before the ALJ, regarding each specific objection lodged by Ms. Flores, the Court agrees with the thorough and well-reasoned report of the magistrate judge. The ALJ applied the correct legal standard in reaching a decision supported by substantial evidence.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's objections (Dkt. 19) are overruled.

2) The report and recommendation (Dkt. 18) is approved, confirmed, and adopted in all respects and is made a part of this order.

3) The Commissioner's decision denying Social Security disability benefits and supplemental security income payments to Plaintiff is affirmed.

4) The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE AND ORDERED** at Tampa, Florida, on September 5, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of record